**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

VERNON A. COLLINS, a/k/a Bey
Brother,
Defendant-Appellant.

No. 95-6283

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
John R. Hargrove, Senior District Judge.
(CR-87-338-HAR, CA-92-2442-HAR)

Submitted: December 14, 1995

Decided: January 9, 1996

Before ERVIN, Chief Judge, and WIDENER and WILKINS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Vernon A. Collins, Appellant Pro Se. Richard Charles Kay, OFFICE
OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant appeals from a district court order denying his 28 U.S.C. § 2255 (1988) motion. We affirm.

Appellant's § 2255 motion raised five claims, three of which were waived for his failure to bring them on direct appeal when Appellant failed to show cause and prejudice for the failure. Cf. United States v. Frady, 456 U.S. 152 (1982). Thus, the district court properly denied the waived claims.

Appellant's claim that his counsel labored under a conflict of interest because an informant testifying against him was also testifying against his counsel in a separate investigation is meritless. If anything, such testimony against the attorney by the informant would give counsel an independent and personal motive to discredit the information in the prosecution against Appellant. The district court properly denied this claim; it fails on its factual allegations.

Appellant's final claim, that counsel failed timely to move for a hearing on the basis for a search warrant under Franks v. Delaware, 438 U.S. 154 (1978), is also meritless. First, counsel moved for a Franks hearing on the day he received information purporting to establish that one of the informants used in establishing a basis for a search warrant had lied under pressure from authorities. Thus, counsel acted in a competent manner. Second, even had counsel erred in not quickly acting, the record reveals that the search warrant affidavit was supported by information from five other informants regarding Appellant's drug activity; the warrant would have been supported even if the "lying" informant's testimony had been excised. Id. at 172. Thus, a Franks hearing would not have helped Appellant, and any error by counsel would not have prejudiced him. This claim of ineffective assistance is baseless. Strickland v. Washington , 466 U.S. 668, 694 (1984).

2

Appellant also claims on appeal that the district court improperly failed to give him a chance to respond to the Government's response to the § 2255 motion. The district court was not required to do so. Rule 4(b), Rules Governing § 2255 Proceedings. Further, the district court's swift action in denying the motion is no basis for Appellant's claim that the court was biased and should have recused itself.

Therefore, we affirm the district court order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED